UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JOSEPH A. MANN,
          *Defendant-Appellant.*

No. 03-4232

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-02-156)

Submitted: September 9, 2003

Decided: September 25, 2003

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Joseph Mann appeals his convictions and sentences for interference with interstate commerce by means of robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951 (2000) ("the Hobbs Act"), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2000).

On appeal, Mann asserts his conviction under the Hobbs Act was unconstitutional because the Government was required to prove his actions had an impact on interstate commerce that was substantial, but failed to do so. Accordingly, he asserts his robbery conviction cannot stand, and his conviction for brandishing a firearm during the robbery cannot stand. We review these claims de novo. *United States v. Sun*, 278 F.3d 302, 308 (4th Cir. 2002). Mann's claims are meritless. The Hobbs Act contains a jurisdictional element requiring a case-by-case determination regarding whether the defendant's conduct impacted interstate commerce. Thus, the Government must prove, as it did here, that the defendant's actions impacted interstate commerce, not that the impact was substantial. *See* 18 U.S.C. § 1951(a) (2000); *United States v. Williams*, No. 02-4344, ___ F.3d ___, 2003 WL 22038949, at **3 (4th Cir. Aug. 29, 2003); *United States v. Bailey*, 990 F.2d 119, 125 (4th Cir. 1993); *United States v. Brantley*, 777 F.2d 159, 162 (4th Cir. 1985); *see also United States v. Morrison*, 529 U.S. 598, 613 (2000); *Jones v. United States*, 529 U.S. 848, 856 (2000); *United States v. Lopez*, 514 U.S. 549, 561 (1995). Consequently, Mann establishes no error in his convictions under 18 U.S.C. § 1951 (2000) and 18 U.S.C. § 924(c)(1)(A) (2000).

Accordingly, we affirm Mann's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*